

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00496-CV

**TEXAS DEPARTMENT OF MOTOR VEHICLES**,
Appellant

v.

**PINNACLE MOTORS**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-06565
Honorable Gloria Saldana, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  February 19, 2014

REVERSED AND DISMISSED

This appeal arises from the denial of a plea to the jurisdiction filed by the Texas Department of Motor Vehicles ("TxDMV").  In the underlying lawsuit, Pinnacle Motors raised a breach of contract claim against Bexar County arising from an agreement entered into with Bexar County in a prior lawsuit and a declaratory judgment claim against TxDMV.  TxDMV filed a plea to the jurisdiction contending suit was barred by sovereign immunity, which the trial court denied.  TxDMV then filed this interlocutory appeal.  We reverse the trial court's order and dismiss Pinnacle's suit against TxDMV.

**STANDARD OF REVIEW**

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a specific cause of action. *City of San Antonio v. Rogers Shavano Ranch, Ltd.*, 383 S.W.3d 234, 245 (Tex. App.—San Antonio 2012, pet. denied). We review a plea questioning the trial court's subject-matter jurisdiction *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We focus on the plaintiff's petition to determine whether the facts that were pled affirmatively demonstrate that subject-matter jurisdiction exists. *Id*. We construe pleadings liberally in favor of the plaintiff. *Id*.

**BACKGROUND**

In a prior lawsuit, Pinnacle sued Bexar County and the Texas Department of Transportation over the revocation of titles to certain vehicles. In October 2011, Pinnacle, Bexar County, and the Bexar County Tax Assessor Collector executed a "Full and Final Release" ("the agreement"). In exchange for Pinnacle releasing all claims against Bexar County and the Tax Assessor, the parties agreed that salvage titles to four vehicles owned by Pinnacle would be issued upon the submission of a letter from a certified mechanic. The Texas Department of Transportation was not a party to the agreement. In November 2011, Pinnacle filed a motion for non-suit stating the "matter should be dismissed with prejudice as to all parties and all causes of action." The trial court granted the motion. Pinnacle complied with the terms of the agreement, and Bexar County approved the issuance of salvage titles to all vehicles. Despite this, TxDMV refused to issue title to one vehicle and subsequently revoked the titles issued to Pinnacle's three other vehicles. Pinnacle then filed the underlying lawsuit against Bexar County and TxDMV.

In its request for declaratory relief, Pinnacle alleged certain provisions of the Texas Transportation Code gave Bexar County the final authority to overrule the State as to vehicle title revocation; Bexar County did in fact overrule TxDMV's initial revocation of the four titles at issue;

TxDMV was bound by Bexar County's ruling and has no authority to re-revoke the titles; and TxDMV was bound by the agreement between Pinnacle and Bexar County. Pinnacle, therefore, asked the trial court to construe the meaning of the Transportation Code provisions and the agreement, and to determine whether (1) Bexar County must require TxDMV to issue the vehicle titles and (2) TxDMV was required to issue the titles.

After TxDMV filed its plea to the jurisdiction, but before the trial court ruled, Pinnacle amended its petition to add an *ultra vires* claim against TxDMV's executive director, Whitney Brewster, in her official capacity. Pinnacle asserted Brewster was bound by Bexar County's final decision to issue the titles, and she was permitting TxDMV to violate the applicable provisions of the Transportation Code by allowing TxDMV to revoke the titles.

The trial court denied TxDMV's plea to the jurisdiction and this appeal by TxDMV ensued. Brewster was not a party to TxDMV's plea, and any claims against her remain pending and are not the subject of this appeal.

## DISCUSSION

Under the Uniform Declaratory Judgment Act, a person "affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE § 37.004 (West 2008). The UDJA waives immunity as to certain claims, but it is not a general waiver of immunity. *See Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). The UDJA does not enlarge a court's jurisdiction, but is a procedural device for deciding cases already within a court's jurisdiction. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370–71 (Tex. 2009).

Sovereign immunity bars UDJA actions against the State and its political subdivisions absent a legislative waiver. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (Tex. 2011).

However, the *ultra vires* exception allows claims to be brought against a state official for nondiscretionary acts unauthorized by law. *Id.* In *Heinrich*, the Supreme Court recognized that sovereign immunity does not preclude prospective declaratory relief against State actors, sued in their official capacities, for statutory or constitutional violations. *Heinrich*, 284 S.W.3d at 369. However, the Court clarified that "governmental entities themselves—as opposed to their officers in their official capacity—remain immune from suit." *Id*. at 372–73.[1]

The Court then raised the question of the permissible use of a declaratory remedy in an *ultra vires* suit: "Must it be brought directly against the state or its subdivisions? Or must it be brought against the relevant government actors in their official capacity?" *Id.* at 373. The Court concluded "that because the rule that *ultra vires* suits are not 'suit[s] against the State . . .' derives from the premise that the 'acts of officials which are not lawfully authorized are not acts of the State,' . . . it follows that these suits cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity." *Id.* "This is true even though the suit is, for all practical purposes, against the state." *Id.*

In this case, Pinnacle alleges TxDMV is bound by the agreement reached with Bexar County, and the Texas Transportation Code requires compliance with the agreement. Because there is no express legislative waiver of immunity for this lawsuit against TxDMV and because we believe the suit for declaratory relief against TxDMV is an attempt to control State action, we conclude TxDMV is immune from suit. *See id.* at 371–72 ("[D]eclaratory-judgment suits against state officials seeking to establish a contract's validity, to enforce performance under a contract,

---

[1] Heinrich sued various governmental entities and government officials claiming they violated her statutory rights when they altered her pension benefits. *Id.* at 369–70. She sought equitable and injunctive relief under the UDJA and asked the court to declare that the defendants acted without authority in taking such action. *Id.* The Court allowed Heinrich's claims against the government officials in their official capacity to go forward, but dismissed her claims against the governmental entities. *Id.* at 380.

or to impose contractual liabilities are suits against the State. *That is because such suits attempt to control state action by imposing liability on the State.*") (quoting *Tex. Nat'l Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855–56 (Tex. 2002)) (emphasis in original). Accordingly, the trial court erred in denying TxDMV's plea to the jurisdiction.

## CONCLUSION

The trial court's denial of the plea to the jurisdiction is reversed, and Pinnacle's claims against TxDMV are dismissed for lack of jurisdiction.

Sandee Bryan Marion, Justice